**Richard L. COVELLI, Plaintiff-Appellant,**

v.

**NATIONAL FUEL GAS DISTRIBUTION CORPORATION, Defendant–Appellee.**

**Docket No. 02–7015.**

United States Court of Appeals, Second Circuit.

Oct. 29, 2002.

John A. Galeziowski, Godinho & Galeziowski, Buffalo, NY, for Appellant.

James D. Donathen, Sharon A. Swift (of counsel), Phillips, Lytle, Hitchcock, Blaine & Huber LLP, Buffalo, NY, for Appellee.

Present LEVAL, CALABRESI and B.D. PARKER, JR., Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is hereby AFFIRMED.

Plaintiff–Appellant, Richard Covelli, has long been employed by the Defendant–Appellee, National Fuel Gas Distribution Corporation. In 1987, Covelli suffered an injury on the job that rendered him, at the time, unable to continue working in his usual role as a serviceman. In response, Appellee assigned Covelli to various light duty positions without reducing his benefits or eliminating his union representation. Over the years, Covelli's doctors continued to report to the company that Covelli should remain on light duty on account of his condition.

In 1995, with no union jobs available that were consistent with Covelli's work restrictions, Appellee informed Covelli that he would be assigned to a non-union position. Additionally, although his pay would not be decreased, Covelli would not enjoy the salary increases of those in his former bargaining unit. Thereafter, Covelli requested that he be returned to work as a serviceman. This request was followed by notices from Covelli's doctors that Covelli, even though his underlying condition had not changed, could now perform the duties required of a serviceman. But, until two years later, the company refused to lift the work restrictions it had placed on Covelli and to allow him to work again as a serviceman.

Covelli sought relief in district court for alleged violations by the company of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the New York Human Rights Law, N.Y. Exec. Law. § 290 *et seq.* The district court granted summary judgment to the company on all claims.

Even assuming, *arguendo*, that Covelli has made out a *prima facie* case that, during the relevant period, he was perceived as disabled, was subjected to an adverse employment action, and was in fact able to perform the essential functions of the serviceman job, we do not believe that he is entitled to the relief he seeks. This is because, during the two years when the company declined to reinstate Covelli as a serviceman, it was objectively reasonable for the company to believe—as it indisputably did—that Covelli was unable to perform the duties of serviceman, a belief due in large part to the evidence supplied to the company by Covelli himself. We therefore affirm the grant of summary judgment to the company. *See Heyman v. Queens Vill. Comm. for Mental Health for Jamaica Cmty. Adolescent Program, Inc.*, 198 F.3d 68, 72 (2d Cir. 1999).

We have considered all of Appellant's arguments and find them meritless. We therefore AFFIRM the district court's grant of summary judgment for the Appellee.